IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


JAMES RAMSEY,                                               PETITIONER

V.                                             NO. 2:05CV132-P-B

THOMAS G. TAYLOR, et al.,                           RESPONDENTS


**OPINION**

       This cause comes before the court on the petition of James Ramsey for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ramsey, who is currently incarcerated at the Bolivar Regional Correctional Facility, was sentenced on August 6, 2003, in the Circuit Court of Panola County, Mississippi, after pleading guilty to three counts of the sale of cocaine. On January 21, 2004, Ramsey filed a "motion for reconsideration" of his sentence. The circuit court denied his motion but suggested that he might consider pursuing post-conviction relief.

       Sometime thereafter, in accordance with Mississippi Rule of Appellate Procedure 6, Ramsey filed a motion to proceed with post-conviction relief as a pauper. By opinion dated May 12, 2004, the circuit court granted Ramsey *in forma pauperis* ("IFP") status and ordered that the necessary funds be drafted from his inmate account. On November 24, 2004, Ramsey filed his motion for post-conviction relief in the Circuit Court of Panola County. On February 1, 2005, the court denied him relief.[1]

       Following the lower court's ruling, Ramsey apparently filed a timely appeal.[2] A letter to the Mississippi Supreme Court Clerk from the Circuit Court Clerk W. Joe Reid, dated March 31, 2005, indicates a notice of appeal had been filed and that certain other documents were being transferred

---

       [1] The order denying relief was signed by the judge on February 1, 2005. The order, however, was stamped "filed" on February 22, 2005.

       [2] The court does not have a copy of the notice of appeal in the record, but it is obvious that a notice was filed.

to the Supreme Court for filing. This same letter, erroneously stated that "Mr. Ramsey did not include . . . the filing fee. At this time he has not filed In Forma Pauperis." On April 4, 2005, the clerk of the State Supreme Court sent a letter to W. Joe Reid, Circuit Clerk, requesting more information about Ramsey's appeal and inquiring as to the status, if any, of an IFP motion. The same letter was returned to the clerk of the Supreme Court on April 11, 2005, with one alteration. In response to the question "Has a motion for IFP been filed in the trial court?" the blank next to "No" was marked with an "X" indicating, incorrectly, that Ramsey had not filed for IFP status.

Based on this erroneous information provided by the circuit clerk, on April 15, 2005, the Supreme Court Clerk sent a letter to Ramsey warning that his appeal may be dismissed if the costs were not paid to the lower court within fourteen days. In response to the warning, Ramsey informed the court that he "was charged a Filing Fee by Panola County Circuit Court." Ramsey's own confusion further exacerbated the errors made by the Circuit Clerk of Panola County. Ramsey stated, in the certificate of compliance submitted with his appeal, "I was not allowed Forma Pauperis [sic] status on my Post-Conviction." Multiplying the confusion, Ramsey stated in the designation of record that he has attached "Order granting or denying Forma Pauperis [sic] status."

On May 3, 2005, Ramsey's appeal was dismissed pursuant to Mississippi Rule of Appellate Procedure 2(a)(2) for failure to pay the costs of appeal. On May 12, 2005, Ramsey's filed a motion to reconsider the dismissal of his appeal, attached the circuit court's order granting him IFP status and again explained that the fee had already been drafted from his inmate account. On May 19, 2005, however, the Court of Appeals issued an order dismissing without prejudice the motion for reconsideration based on the assumption that Ramsey would seek permission for IFP in the trial court and, if granted, may reinstate his appeal. A second motion for reconsideration was also denied on June 29, 2005. Ramsey filed this habeas petition on July 11, 2005.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[3]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

District courts have discretionary authority to issue stays. *Landis v. North American Co.*, 229 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The United States Supreme Court has found that the staying of a federal habeas petition, pending exhaustion of state remedies should only be granted for "good cause" and should be the exception rather the rule. *Rhine v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Though not without missteps, Ramsey was at no point dilatory

---

[3] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

in pursuing his state post-conviction relief. Rather, without the benefit of counsel, he actively and in good faith attempted to comply with the directions of the state courts. The Petitioner's claims are unexhausted due in large part to errors and mistakes that can fairly be attributed to the Panola County Circuit Clerk's office. These errors added to Ramsey's confusion which was perpetuated in his appellate filings. Balancing the equities, the court, finding good cause, shall exercise its discretion to stay the proceedings in this matter and direct Ramsey to promptly exhaust his remedies in state court. Ramsey should, without haste, file an appropriate motion in the Mississippi State Supreme Court within 30 days of this order[4] and file a motion to lift the stay in this federal habeas action within 30 days of the conclusion of state post-conviction proceedings.

A final judgment in accordance with this opinion will be entered.

THIS the 30th day of April, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Ramsey should attach a copy of this opinion to the motion